## SUPREME COURT.

### LIVINGSTON agt. PAINTER & BOYES.

In respect to *any agreement*, the non-fulfillment of which will not admit of *pecuniary compensation*, the court will afford relief by a *specific performance*; although it is chiefly with regard to *real property* that the substitution of damages by way of redress is generally insufficient.

Where the plaintiff, as owner of a first mortgage upon leasehold property, claimed that the defendant, who was owner of a second mortgage on the same property, had violated an agreement with him in bidding off the property at the sale thereof on the second mortgage, in the name of another person, who refused to pay certain expenses upon the property and a specified payment on the first mortgage, in pursuance of the agreement to waive the foreclosure of the first mortgage,

*Held*, that if the plaintiff had sustained any injury it was in consequence of the *delay* in not prosecuting a foreclosure of the first mortgage. The damages caused by the delay were capable of being measured and ascertained by a jury; that if the plaintiff was entitled to any redress under the agreement, it was by an *action for damages*.

*New York Special Term, December*, 1862.

THIS cause came on for trial on the 13th day of November, 1862, before Mr. Justice CLERKE.

LEWIS L. DELAFIELD, *of counsel for plaintiff*.
HARRINGTON & GRIEFF, *of counsel for defendants*.

The counsel for the defendants moved on the plaintiff's opening and the pleadings to dismiss the complaint.

Mr. DELAFIELD, in opposition, cited *Buxton* agt. *Lister*, 3 *Atk. R.*, 383; *Adderley* agt. *Dixon*, 1 *Sim. & St. R.*, 607; *Phillips* agt. *Berger*, 2 *Barb. R.*, 608; *Phillips* agt. *Berger*, 8 *Barb. R.*, 527; 2 *Parsons on Contracts*, 511, 529; 2 *Story Eq. Jur.*, §§ 716, 718.

CLERKE, Justice.   This is an action to obtain the specific performance of an agreement.

The plaintiff alleges an agreement between the assignor of the plaintiff and defendant Painter, who was the owner of a second mortgage of a leasehold, (No. 84 Leonard street,) which mortgage was made by one Seabury Lawrence to one John Sniffen and others, to secure the payment of $12,340. The agreement recites that Painter had commenced proceedings to foreclose this mortgage; that Hamilton, the assignor of the plaintiff, was the owner of a first mortgage, made by the said Lawrence, on the same premises, to secure the payment of $12,000, which had become due at the option of Hamilton, according to a provision in the mortgage; but that he had agreed to waive this option, and that Painter in consideration of the sum of one dollar, and of the agreement made by Hamilton, agreed: 1st, to pay within forty-five days the semiannual interest in arrear on the said first mortgage, and all taxes and assessments due upon the premises; 2d, to prosecute the foreclosure of the second mortgage to the earliest possible conclusion; and 3d, in the event of Painter's buying in his own name, or otherwise, at the sale under the said foreclosure, the said leasehold interest, subject to the first mortgage, he should reduce the same by payment on account of the sum of $3,000, within six months from date of the agreement.

The complaint alleges that Painter prosecuted the foreclosure of the second mortgage to judgment of foreclosure and sale; that under this judgment the leasehold was sold at public auction; that the same was purchased at the sale by the defendant Boyes for $2,000, and that the sheriff executed a decree thereof to Boyes, subject to the first mortgage.

The complaint further alleges that Painter purchased the leasehold at the said sale, in the name of Boyes, for the purpose of evading the terms (meaning the obliga-

tions) of said agreement, and that Painter is really the owner of the beneficial interest in the said purchase.

On this statement, the defendants move to dismiss the complaint, on the ground that it does not present a case for the equitable interposition of the court.

Although, generally, the subject in respect to which the court will give the specific relief sought in this action is realty, or things relating to the realty of a permanent nature, there are some few instances affecting personal property, in which, from the peculiar nature of the thing, arising either from an artificial value attached to it from its locality or other circumstances, a specific performance of the agreement would be the only adequate remedy. In other words, in respect to any agreement, the non-fulfillment of which will not admit of pecuniary compensation, the court will afford this relief; although it is chiefly with regard to real property that the substitution of damages by way of redress is generally insufficient. To mention instances supposed by Lord Chancellor Hardwicke, in *Buxton* agt. *Lister & Cooper*, (3 *Atk.*, 382,) a man may contract for the purchase of a great quantity of timber, as a ship carpenter, by reason of the vicinity of the timber, and this on the part of the buyer. On the part of the seller, suppose a man wants to clear his land in order to turn it to a particular sort of husbandry, there nothing can answer the justice of the case but the performance of the contract in *specie*. In the case of *John, Duke of Buckinghamshire* agt. *Ward*, a bill was brought for a specific performance of a case relating to alum works, and the trade thereof, which would be greatly damaged if the covenant should not be performed on the part of Ward. The covenants lay there in damages, and yet the court considered, if they did not make such a decree, an action afterwards would not answer the justice of the case, and therefore decreed a specific performance. Lord Hardwicke considered the case before him (*Buxton*

agt. *Lister & Cooper*,) to be something of the like kind. Lister & Cooper had agreed with Buxton for the purchase of several large parcels of wood, (merely the timber,) standing within the township of Kirby, for the sum of £3,050, to be paid at six several payments, every Lady-day, for the six following years, Lister & Cooper to have eight years for disposing of the same; and that articles of agreement should be drawn and perfected as soon as conveniently could be, with all the usual covenants therein to be inserted concerning the same. Had not the merits of the case been against the plaintiff, Lord Hardwicke intimated that the memorandum appearing not to be a final contract, but to be made complete by subsequent articles—a bill to compel the execution of the subsequent articles would be allowed. The case of *Phillips* agt. *Berger*, (2 *Barb.*, 608; *id.*, 527,) to which I have been referred, was placed on especially the ground that, if the action had been brought by the defendant against the plaintiff, an award of damages would not put him in a situation as beneficial as if the agreements were specifically performed. The contract relative to the sale or compromise of a judgment, which Phillips had recovered against John C. and C. B. Morrison, in which a creditor's bill had been filed. During the pendency of that suit, Berger entered into a contract with the Phillips', agreeing to compromise the claim for $4,500. The court considered that an action at law would not afford to the defendant a complete and satisfactory remedy if the plaintiff had refused to assign or released the judgment according to his contract. They imagine many uses to which the defendant might have put the judgment, which could not be at all, except by very vague conjectures, measured or estimated; and if on this account he would have been entitled to a specific performance, then for the same reasons the plaintiff would be entitled to the same remedy. If a bill will lie in favor of one party to a contract, it will, according to the opinion

in that case, also lie in favor of the other. The ground, then, of the interference of the court was, that the defendant might have applied the judgment to many uses, which could not be measured by damages; and that in order to render complete justice, if the defendant was in the plaintiff's place, the specific assignment of the judgment would be essential—that is, he must have the judgment to control in such a way as his interests may require. The thing itself would be necessary for him. In the case before us, the ownership or control of no specific thing is in question. The plaintiff does not ask for the sale or purchase of a thing, which from certain circumstances, or for certain purposes, or from the peculiar nature of it, arising from an artificial value attached to it from its locality or other causes, it is necessary for him to possess. He seeks for nothing but money; instead of bringing an action at common law for pecuniary compensation, he seeks our equitable interposition for the same purpose. The difference is that he demands a specific amount instead of damages, which a jury in a common law action may award him. In seeking pecuniary compensation, he resorts to the extraordinary instead of the ordinary jurisdiction of the court. In *Phillips* agt. *Berger*, the effect of the decree, indeed, was to compel the payment of a specific sum of money from the defendant to the plaintiff; but the court placed the decision, as we have seen, on the ground that if the defendant had brought the action, the assignment of the judgment would have been compelled; and the court maintained, as the obligation was reciprocal, so should the remedy be. Although I must say I have some misgivings as to this reciprocal right in relation to an action like this, which is addressed to the discretion of the court. In the present case, although if the plaintiff or his assignee attempted to violate this agreement by commencing an action to foreclose the mortgage, the court would probably enjoin him from doing so, on

tender deposit of the $3,000.   Still this alone is not suffi-
cient to take the case out of the ordinary course.   If the
plaintiff has sustained any injury, it is in consequence of
the delay in not prosecuting a foreclosure of the first
mortgage.   The damages caused by the delay are capa-
ble of being measured and ascertained by a jury.   The
fact that the damages may be so trifling as not to warrant
the bringing of an action to recover them, so far from
being a reason for the extraordinary interposition of a
court of equity, is a conclusive reason against it.   The
mortgage is as effectual as ever ; the non-fulfillment of the
agreement has not in any respect impaired it, or inter-
fered, except by delay, with the remedy under it ; and it
can, at any time, be foreclosed at the option of the plain-
tiff.   In short, if the plaintiff is entitled to any redress
under this agreement, that redress is by an action for
damages.

The motion to dismiss the complaint is granted, and
the complaint dismissed with costs.